UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BUILD-A-BEAR RETAIL MANAGEMENT, INC. and BUILD-A-BEAR WORKSHOP, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. |
| BABASKET, INC., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiffs Build-A-Bear Retail Management, Inc. and Build-A-Bear Workshop, Inc. (collectively "Build-A-Bear Workshop" or "Plaintiffs") for their Complaint against Defendant Babasket, Inc. ("Defendant" or "Babasket") allege and aver as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, common law unfair competition and trademark infringement, dilution under Mo. Rev. Stat. § 417.061(1), and appeal from a decision of the Trademark Trial and Appeal Board pursuant to 15 U.S.C. 1071(b)(1). Jurisdiction is proper under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1367(a), 1338(a) and 1338(b). Venue is proper under 28 U.S.C. §1391(b) and (c).

SLD-1563262-2

## PARTIES

2. Plaintiff Build-A-Bear Retail Management, Inc is a Delaware corporation doing business at 1954 Innerbelt Business Center Drive, St. Louis, Missouri 63114.

3. Plaintiff Build-A-Bear Workshop, Inc. is a Delaware corporation with offices at 1954 Innerbelt Business Center Drive, St. Louis, Missouri 63114.

4. Upon information and belief, Defendant Babasket, Inc. is a New Jersey corporation with its principal place of business at 781 Route 22 West, North Plainfield, New Jersey. Defendant sells its goods throughout the United States via its stores and web site, including in this judicial district.

## PLAINTIFFS' RIGHTS

5. Build-A-Bear Workshop operates BUILD-A-BEAR WORKSHOP retail stores and a website located at www.buildabear.com. Through these stores and its website, as well as through its licensees, Plaintiff offers for sale and sells a wide variety of consumer goods, including but not limited to plush and stuffed toy animals, other toys and accessories and gift baskets ("Build-A-Bear Workshop's Merchandise and Services") in various locations throughout the United States, including this judicial district.

6. For years, Build-A-Bear Workshop's aforesaid stores have been operated under the name and trademark BUILD-A-BEAR WORKSHOP and a logo consisting of BUILD-A-BEAR WORKSHOP and Design, and there are now over 250 stores throughout the United States including stores in this judicial district.

7. Build-A-Bear Workshop has expended considerable resources creating, developing, advertising and promoting numerous distinctive trademarks and has used those trademarks in connection with the operation of Build-A-Bear Workshop's stores and the sale of Build-A-

Bear Workshop's Merchandise and Services. Build-A-Bear Workshop owns numerous trademark registrations pertaining to these trademarks, including but not limited to those specifically identified herein. All of the trademarks owned by Build-A-Bear Workshop along with the common law rights associated therewith are hereinafter collectively referred to as "The Build-A-Bear Workshop Marks."

8. Build-A-Bear Workshop owns United States Trademark Registration No. 2,598,778 for BUILD-A-BEAR WORKSHOP & Design for a wide variety of goods and services, including retail store services and retail services via a global computer network, in the field of stuffed toy animals and plush toy animals and accessories therefor.

9. Build-A-Bear Workshop owns United States Trademark Registration No. 2,553,748 for BUILD-A-BEAR WORKSHOP, for a wide variety of goods and services, including retail store services and retail services via a global computer network in the fields of stuffed toy animals and plush toy animals and accessories, therefor.

10. Build-A-Bear Workshop owns United States Trademark Registration No. 2,756,424 for BUILD-A-BEAR WORKSHOP, for stationery products, namely, printed invitations and publications, namely, posters.

11. Build-A-Bear Workshop owns United States Trademark Registration No. 2,884,223 for BUILDABEAR.COM, for retail store services via a global communications network in the field of stuffed and plush toy animals and accessories therefor.

12. Build-A-Bear Workshop owns United States Trademark Registration No. 2,411,678 for BUILD-A-PARTY, for entertainment services in the nature of parties for creating stuffed toy animals and plush toy animals.

13. Build-A-Bear Workshop owns United States Trademark Registration No. 2,745,130 for BUILD-A-SONG, for entertainment services, namely providing an on-line computer game.

14. Build-A-Bear Workshop owns United States Trademark Registration No. 3,213,733 for BUILD-A-BUG, for retail services via a global computer network in the fields of stuffed toy animals and plush toy animals, dolls and accessories therefor, greeting cards, and carrying cases for plush toy animals, stuffed toy animals and accessories therefor.

15. Build-A-Bear Workshop owns United States Trademark Registration No. 2,750,746 for BUILD-A-SOUND, for a variety of services including retail store services featuring music or songs prerecorded on sound recording discs for placement in stuffed and plush toy animals; on-line retail store services via a global computer network featuring music or songs prerecorded on sound recording discs for placement in stuffed and plush toy animals.

16. Build-A-Bear Workshop owns United States Trademark Registration No. 2,987,962 for BUILD-A-CARD, for providing on-line electronic greeting cards via a global computer network.

17. Build-A-Bear Workshop owns United States Trademark Registration No. 2,430,233 for BUILD-A-GRAM, for mail order services, telephone order services, and electronic computerized on-line retail services, all featuring stuffed and plush toy animals and dolls and accessories therefore.

18. Build-A-Bear Workshop owns United States Trademark Registration No. 2,690,978 for BUILD-A-MONSTER, for entertainment services, namely providing an on-line computer game.

19. Build-A-Bear Workshop owns United States Trademark Registration No. 2,786,503 for BUILD-A-WISH, for Retail store services via a global communications network in the field of stuffed and plush toy animals and accessories.

20. Build-A-Bear Workshop owns the common law mark BUILD-A-BASKET for gift baskets and services related to the sale of gift baskets.

21. Due to substantial advertising, promotional and sales efforts, Build-A-Bear Workshop has achieved widespread consumer recognition and acceptance of The Build-A-Bear Workshop Marks.

22. Long prior to the acts of Defendant complained of herein and continuously since, Build-A-Bear Workshop and/or its licensees have adopted, used, and spent substantial sums of money to advertise, publicize, and promote The Build-A-Bear Workshop Marks in connection with Build-A-Bear Workshop's Merchandise and Services. Plaintiff has sold Build-A-Bear Workshop's Merchandise and Services in connection with its Marks in ever-increasing quantities in this judicial district and throughout the United States.

23. Due to Build-A-Bear Workshop's extensive sales, The Build-A-Bear Workshop Marks are recognized as emanating from, or being associated with, Build-A-Bear Workshop.

24. The Build-A-Bear Workshop Marks are each inherently distinctive and are recognized by the consuming public as indicators of high quality products associated with Build-A-Bear Workshop.

25. Since Build-A-Bear Workshop opened its first store in October 1997, Build-A-Bear Workshop has sold in excess of seventy-million plush, stuffed toys animals. Moreover, Build-A-Bear Workshop has sold its merchandise and services and promoted its marks in every state via its website.

**DEFENDANT'S INFRINGING ACTS**

26. On information and belief, after Build-A-Bear Workshop's extensive sales of its Merchandise and Services, Defendant began using the BUILD-A-BASKET mark in connection with the sale of various goods and services, including gift baskets and stuffed and plush animals (the "Infringing Products") in retail stores and via a website located at www.buildabasket.com.

27. On July 9, 2003, Defendant filed a United States Trademark Application No. 76/530,408 for the mark BUILD A BASKET for retail store services featuring custom designed gift baskets and gifts and accessories.

28. Upon information and belief, Defendant's aforesaid use of and application for the BUILD-A-BASKET mark was done willfully in an effort to trade on the goodwill Build-A-Bear Workshop has created in The Build-A-Bear Workshop Marks, and to further mislead customers into believing an association exists between Defendant and Build-A-Bear Workshop.

29. Defendant's appropriation of The Build-A-Bear Workshop Marks is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's merchandise and services because of the relatedness of such merchandise and services to Build-A-Bear Workshop's Merchandise and Services.

30. Defendant's infringing activities substantially affect interstate commerce because they damage Build-A-Bear Workshop's interstate goodwill and reputation, substantially deprive Build-A-Bear Workshop of control over Build-A-Bear Workshop's own interstate reputation,

damage The Build-A-Bear Workshop Marks, and dilute the distinctiveness of The Build-A-Bear Workshop Marks.

31. By reason of Defendant's aforesaid conduct, Build-A-Bear Workshop has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain serious loss of revenues and profits in an undetermined amount.

32. Unless Defendant is enjoined by this Court, Build-A-Bear Workshop will suffer, as a result of Defendant's acts complained of herein, immediate and irreparable harm. Therefore, Build-A-Bear Workshop has no adequate remedy at law.

**COUNT I**
**TRADEMARK INFRINGEMENT**

33. Build-A-Bear Workshop repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.

34. By engaging in the acts described above, Defendant has introduced and marketed the Infringing Products in interstate commerce using designations and representations that are confusingly similar to The Build-A-Bear Workshop Marks.

35. Defendant's actions are likely to cause confusion, to cause mistake, and to deceive purchasers, prospective purchasers, and the public.

36. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade upon the goodwill associated with the The Build-A-Bear Workshop Marks.

37. Defendant's actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Build-A-Bear Workshop has no adequate remedy at law.

38. Build-A-Bear Workshop is being and will continue to be damaged by Defendant's infringing activities, which cause a likelihood of confusion and actual confusion among the purchasing public as to the true identity, source, sponsorship or affiliation of the Defendant's goods.

39. Because of Defendant's infringing activities, Build-A-Bear Workshop has suffered and will continue to suffer damage to its business reputation, and goodwill, and the loss of sales and profits it would have made but for the improper acts of Defendant.

40. Because of Defendant's infringing activities, Build-A-Bear Workshop is entitled to injunctive relief, an accounting for profits, damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117.  Build-A-Bear Workshop is further entitled to have its profits award enhanced and its damages award trebled pursuant to 15 U.S.C. § 1117.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**

41.  Build-A-Bear Workshop realleges and incorporates by reference the allegations set forth in all preceding paragraphs.

42. Defendant's advertising, marketing, offering for sale, and sale of goods with false designations and representations identical or closely similar to The Build-A-Bear Workshop Marks is likely to cause confusion, or to cause mistake, or to deceive purchasers and potential purchasers and members of the public as to the affiliation, connection or association between Defendant and its Infringing Products and Build-A-Bear Workshop and its products, and/or as to the origin, sponsorship, authorization, or approval of Defendant's goods by Build-A-Bear Workshop.

43. Defendant's use and marketing of colorable imitations of The Build-A-Bear Workshop Marks has not been authorized by Build-A-Bear Workshop.

44. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade upon the goodwill associated with The Build-A-Bear Workshop Marks.

45. Build-A-Bear Workshop is being and will continue to be damaged by Defendant's false designations and representations because they are resulting in and, unless enjoined by this Court, will continue to result in confusion among the purchasing public and the trade as to the true affiliation, connection, association, origin, sponsorship, or approval of Defendant's goods.

46. Because of Defendant's false designations and representations, Build-A-Bear Workshop has suffered and will suffer damage to its business reputation and goodwill, and the loss of sales and profits that Build-A-Bear Workshop would have made but for Defendant's acts.

47. Defendant's false and deceptive designations and representations violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and Build-A-Bear Workshop has no adequate remedy at law.

48. Because of Defendant's infringing activities, Build-A-Bear Workshop is entitled to injunctive relief, an accounting for profits, damages, costs, and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1125, 1116 and 1117.  Build-A-Bear Workshop is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. § 1117.

### COUNT III
### COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

49. Build-A-Bear Workshop realleges and incorporates by reference the allegations set forth in all preceding paragraphs.  This claim is a substantial and related claim.

50. Defendant's acts constitute common law trademark infringement and unfair competition in violation of the common law of several states including the State of Missouri.

51. Defendant's acts have created, and unless restrained by this Court will continue to create, a likelihood of confusion and deception of the consuming public, causing irreparable injury to Build-A-Bear Workshop for which Build-A-Bear Workshop has no adequate remedy at law.

52. On information and belief, Defendant acted with full knowledge of Build-A-Bear Workshop's use of, and statutory and common law rights to, Plaintiff's Marks, and without regard to the likelihood of confusion and deception of the public created by those activities.

53. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with The Build-A-Bear Workshop Marks to the great and irreparable injury of Plaintiff.

54. As a result of Defendant's acts, Build-A-Bear Workshop has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Build-A-Bear Workshop is entitled to injunctive relief, to an accounting of Defendant's profits, and damages.

## COUNT IV
## MISSOURI STATE TRADEMARK DILUTION
(MO. REV. STAT. § 417.061)

55. Build-A-Bear Workshop realleges and incorporates by reference the allegations set forth in all preceding paragraphs. This claim is a substantial and related claim to Build-A-Bear Workshop's federal claims.

56. Build-A-Bear Workshop has extensively and continuously promoted and used The Build-A-Bear Workshop Marks both in the United States and throughout the world, and those marks have become distinctive, well-known, and famous symbols of Build-A-Bear Workshop's goods and services well before Defendant offered for sale the Infringing Products complained of in this Complaint.

57. Defendant's unauthorized use of The Build-A-Bear Workshop Marks dilutes and is likely to dilute the distinctiveness of these marks by eroding the public's exclusive identification of these marks with Build-A-Bear Workshop, tarnishing and degrading the positive associations and prestigious connotations of the The Build-A-Bear Workshop Marks, and otherwise lessening the capacity of the marks to identify and distinguish Plaintiff's goods and services.

58. Defendant's actions are likely to cause injury to the business reputation of Build-A-Bear Workshop.

59. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with The Build-A-Bear Workshop Marks, or to cause dilution of The Build-A-Bear Workshop Marks, to the great and irreparable injury of Build-A-Bear Workshop.

60. Defendant is causing and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Build-A-Bear Workshop's famous and distinctive marks, in violation of Missouri anti-dilution statute, MO. REV. STAT. § 417.061(1). Build-A-Bear Workshop is, therefore, entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys fees.

## COUNT IV
## REVIEW OF TRADEMARK TRIAL AND APPEAL BOARD DECISION

61. Build-A-Bear Workshop realleges and incorporates by reference the allegations set forth in all preceding paragraphs.

62. On July 9, 2003, Defendant filed a United States Trademark Application No. 76/530,408 for the mark BUILD A BASKET for retail store services featuring custom designed gift baskets and gifts and accessories. This application was based on an alleged intent-to-use the mark.

63. On October 6, 2004, Build-A-Bear Workshop filed a Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB") of the U.S. Patent and Trademark Office, contesting Defendant's right to registration of the BUILD A BASKET mark ("Opposition No. 91,162,414").

64. The mark BUILD A BASKET for which Defendant seeks registration in Application No. 76/530,408 so resembles The Build-A-Bear Workshop Marks as to be likely, when used in conjunction with Defendant's goods, to cause confusion and mistake, and to deceive consumers.

65. The mark BUILD A BASKET is confusingly and deceptively similar to The Build-A-Bear Workshop Marks when used in conjunction with Defendant's goods and services.

66. Defendant's goods and services offered in connection with the BUILD A BASKET mark are directed to the same or related class of consumers as Build-A-Bear Workshop's goods and services and are sold in the same channels of trade. Accordingly, Defendant's goods and Build-A-Bear Workshop's goods are so commercially related that the mark sought to be registered and Build-A-Bear Workshop's marks are confusingly similar.

67. Defendant's use of its mark, which so resembles and is imitative of Build-A-Bear Workshop's marks, is likely to cause confusion, mistake or deception of purchasers as to the source of Defendant's goods, and will inevitably falsely suggest a trade connection between Build-A-Bear Workshop and Defendant.

68. The application, registration and/or use of the mark BUILD A BASKET by Defendant will cause dilution of the distinctiveness of The Build-A-Bear Workshop Marks, and otherwise injure Build-A-Bear Workshop's reputation and unique identity in the minds of consumers.

69. On December 18, 2009, the TTAB issued an order dismissing the opposition with prejudice.

70. Build-A-Bear Workshop is dissatisfied with the decision of the TTAB regarding Opposition No. 91,162,414.

71. Pursuant to 15 U.S.C. § 1071(b)(1), Build-A-Bear Workshop requests that the Court determine that Defendant is not entitled to registration of Application No. 76/530,408.

## PRAYER FOR RELIEF

WHEREFORE, Build-A-Bear Retail Management, Inc. and Build-A-Bear Workshop, Inc. respectfully request that this Court:

1. Order that Defendant and its principals, officers, employees, servants, agents, representatives, distributors, attorneys and persons, firms or corporations under its control or in active concert or participation with Defendant be permanently enjoined and restrained from:

(a) displaying, advertising, promoting, selling or offering for sale, or otherwise distributing any goods or services, including but not limited to gift baskets, plush and stuffed toy animals, and other toys and accessories of any kind using the name or mark BUILD-A-BASKET;

(b) engaging in any conduct that tends to falsely represent that, or is likely to confuse, mislead, or deceive purchasers, Defendant's customers and/or members of the public to believe that the actions of Defendant are sponsored by, licensed by, or in any way affiliated or connected with Build-A-Bear Workshop;

2. Order the impounding for destruction of all copies or reproductions of any and all stationery, circulars, catalogs, charts, brochures, advertising materials, labels, packages, signs, and all materials in Defendant's possession or under its control that contain the Infringing Names and Marks or that contain other marks confusingly similar to any of The Build-A-Bear Workshop Marks;

    3.     Order an accounting of Defendant's profits and award Build-A-Bear Workshop its actual and/or statutory damages including increased damages for willful violation;

    4.     Award Build-A-Bear Workshop monetary relief in an amount to be fixed by the Court in its discretion as just, including:

    (a)     All profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions; and

    (b)     All damages sustained by Build-A-Bear Workshop as a result of Defendant's acts of infringement, and that such damages be trebled.

    5.     Award Build-A-Bear Workshop punitive damages for the intentional, willful and wanton nature of Defendant's acts;

    6.     Award Build-A-Bear Workshop interest, costs and attorneys fees pursuant to the applicable statutes;

    7.     Award Build-A-Bear Workshop three times the amount of compensatory damages, pursuant to 15 U.S.C. §1117;

    8.     Order that Defendant file with this Court and serve upon Build-A-Bear Workshop within ten (10) days following this Court's injunction issued in this action, a written report, under oath, setting forth in detail the manner and form in which Defendant has complied with such injunction;

    9.     Order that the decision of the Trademark Trial and Appeal Board in Opposition No. 91,162,414 be reversed and direct the Trademark Trial and Appeal Board to sustain Opposition No. 91,162,414 to the registration of Application No. 76/530,408 for the mark BUILD A BASKET for the goods and services specified therein; and

10. Award Build-A-Bear Workshop such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

By: __/Gary A. Pierson/__
Michelle W. Alvey
Gary A. Pierson
Alan S. Nemes
Husch, Blackwell, Sanders LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri  63105
(314) 480-1500

*Attorneys for Plaintiffs Build-A-Bear Retail Management, Inc. and Build-A-Bear Workshop, Inc.*